IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAWRENCE M. CLUTTER, Individually and as the Administrator of the Estate of LLOYD G. CLUTTER, JR., | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 13-185 |
| v. | ) ) | |
| WASHINGTON COUNTY, Defendant. | ) ) ) | |

## MEMORANDUM ORDER

This is a § 1983 action brought by Plaintiff Lawrence M. Clutter, individually and as representative of the Estate of his deceased father, Lloyd G. Clutter, Jr., ("Mr. Clutter"), against Defendant Washington County, ("the County"), alleging that Mr. Clutter's death was caused by deficient care provided to him while he was a patient at the Washington County Health Center in violation of nursing care standards promulgated in the Federal Nursing Home Reform Act and its implementing regulations. (Docket No. 12). Presently before the Court is a *Daubert* Motion brought by the County seeking to exclude the proffered medical causation opinions of treating surgeon Dr. Jason Tomsic that Mr. Clutter sustained a decubitis ulcer while in the care of the Heath Center and that the ulcer was avoidable. (Docket No. 32). The County argues that Dr. Tomsic's opinions are inadmissible under Rule 702 and *Daubert* because they are allegedly not based on good grounds or reliable data and ultimately intends to prove at trial that Mr. Clutter sustained a rectal abscess (rather than a decubitis ulcer) and/or that any ulcer was unavoidable under the relevant Medicare and Medicaid regulations. (Docket Nos. 33, 36). Plaintiff counters that Dr. Tomsic's opinions meet all of the requirements under Rule 702 and are sufficiently reliable to be presented to the jury at trial. (Docket Nos. 34, 39). The County's *Daubert* Motion

1

has been fully briefed, with the parties producing the relevant portions of the record, including the deposition testimony of Dr. Tomsic, (Docket No. 34-5), his expert report, (Docket No. 34-3), his curricula vitae, (Docket No. 34-4), and other documentary evidence and the Motion is now ripe for disposition as the parties, through their respective counsel, waived oral argument. (Docket Nos. 32-34; 36; 39; *Text Order 10/14/14*). After careful consideration of all of the parties' arguments, their briefs and the submitted exhibits, and for the following reasons, Defendant's Motion [32] is DENIED.

This Court understands its important gatekeeper duty to fully evaluate proffered expert opinions to ensure that they are both relevant and reliable before permitting such opinions to be presented to a jury, *see Kannankeril v. Terminix Int'l, Inc.*, 128 F.3d 802, 806 (3d Cir. 1997) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589, (1993)), and has excluded experts from testifying in cases where the Court found that the three requirements set forth in Rule 702 were not met, i.e., "qualifications," "reliability" and "fit," *see Pritchard v. Dow Agro Sciences*, 705 F. Supp. 2d 471 (W.D. Pa. Mar. 11, 2010), *aff'd*, 430 F. App'x 102 (3d Cir. 2011). In this Court's estimation, the County has failed to meet its burden to demonstrate that Plaintiff's proffer of Dr. Tomsic's medical causation opinions fail to meet the liberal standard of admissibility under Rule 702 and agrees with Plaintiff that the proffered opinions are sufficiently supported to permit his testimony at trial. *See Pineda v. Ford Motor Co.*, 520 F.3d 237, 243 (3d Cir. 2008) (quoting *Kannankeril*, 128 F.3d at 806) ("Rule 702, which governs the admissibility of expert testimony, has a liberal policy of admissibility."). To this end, the Court believes that the County's challenges to Dr. Tomsic's medical causation opinions regarding the nature of the wound and whether it was avoidable or unavoidable present questions concerning the underlying factual foundation and bases for his medical causation opinions that are properly resolved by the

jury after considering the conflicting evidence presented by both parties at trial. *See Daubert*, 509 U.S. at 596 ("vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

In reaching this decision, the Court is certainly mindful of the all of the following facts:

- Dr. Tomsic's qualifications to render his opinions have not been meaningfully challenged by the County and include that he is a board certified general surgeon with significant experience treating wounds of the type in question, (*see* Docket No. 34-4, Pl. Ex. 4);

- Dr. Tomsic was Mr. Clutter's treating physician and surgeon and reached his opinions after conducting a physical examination of the wound and performing two surgical procedures on Mr. Clutter, (*see* Docket Nos. 34-3 at 1-2; 34-5 at 12); and,

- Dr. Tomsic diagnosed the wound as a decubitis ulcer through a differential diagnosis which is a reliable method employed routinely by physicians in practice and has been accepted by the Court of Appeals, *see Heller v. Shaw Industries, Inc.*, 167 F.3d 146, (3d Cir. 1999).

Additionally, Dr. Tomsic's opinion that the ulcer was avoidable is sufficiently reliable to pass the admissibility threshold because:

- such opinion was reached based on his experience treating these types of wounds and his own observations regarding the complexity of the ulcer gleaned from his examination of the wound during physical examination and while performing the operations on Mr. Clutter, (*see* Docket Nos. 34-3; 34-5 at 7);

- he also appropriately relied on the expert report of Majorie W. Walker, RN, NHA, wherein she opines, to a reasonable degree of nursing certainty, that the Health Center failed to follow Mr. Clutter's treatment plan and deviated from the relevant standard of nursing care during Mr. Clutter's stay at the Health Center, (*see* Docket Nos. 34-3 at 1; 34-6 at 1-2); and,

- Dr. Tomsic therefore used "a mix of objective data and subjective analysis from another expert," *I.B.E.W. Local Union 380 Pension Fund v. Buck Consultants*, Civ. A. No. 03-4932, 2008 WL

3

>   2265269 at * 3 (E.D. Pa. June 3, 2008), to arrive at his own conclusions.

Overall, the Court believes that Dr. Tomsic's opinions have a supporting factual basis and a reliable supporting scientific theory such that they are admissible under Rule 702 and applicable precedent governing same. *See Heller*, 167 F.3d at 157. To the extent that the County suggests that Dr. Tomsic's opinions lack a sufficient foundation and/or are speculative due to his admitted failure to review all of Mr. Clutter's medical records and the relevant nursing home protocols and procedures, or Nurse Walker's failure to exhaustively review the entirety of the record prior to producing her report, these alleged deficiencies do not undermine the admissibility of the proffered testimony of Dr. Tomsic but represent challenges to the weight of such testimony which are more appropriately addressed through cross-examination at trial. *See Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 414 (3d Cir. 2002) ("Rule 705, together with Rule 703, places the burden of exploring the facts and assumptions underlying the testimony of an expert witness on opposing counsel during cross-examination.").

For these reasons,

IT IS HEREBY ORDERED that Defendant's Motion [32] is DENIED;

IT IS FURTHER ORDERED that the parties shall meet and confer and file a Notice with the Court by **October 27, 2014 at 5:00 p.m.** advising whether this matter is appropriately referred to a United States Magistrate Judge for a mediation/settlement conference and/or if the parties consent to participating in a settlement conference with the undersigned District Judge;

IT IS FURTHER ORDERED that Plaintiff shall file his Pretrial Statement by **November 10, 2014 at 5:00 p.m.**;

IT IS FURTHER ORDERED that Defendant shall file its Pretrial Statement by **November 17, 2014 at 5:00 p.m.**;

FINALLY, the parties are advised that the Court is inclined to bifurcate the trial of this matter into separate phases addressing: (1) liability; and (2) damages.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: October 20, 2014

cc/ecf: All counsel of record